In the Matter of the Estate of ARTHUR KEMP, Deceased.

Surrogate's Court, Erie County, May 13, 1932.

*Ralph K. Robertson*, for the petitioner.

*John S. Allan*, special guardian of infant, Arthur Kemp, Jr.

HART, S. On the petition of Caroline Kemp, the widow of Arthur Kemp, late of the city of Buffalo, Erie county, N. Y., deceased, a citation was issued returnable in this court on the 11th day of April, 1932, and duly served on Arthur Kemp, Jr., an infant, to show cause why a decree should not be made determining the effect of the provisions contained in paragraphs " second " and " third " of the last will and testament of said decedent admitted to probate on the 11th day of February, 1932, which said provisions read as follows:

" *Second.* I give, devise, bequeath and grant all the rest, residue and remainder of my estate real, personal and mixed of every kind, name, nature and description of which I may die seized or in which I have or may have any legal or equitable interest wheresoever the same may be situate, to my wife, Caroline Kemp, for her use, benefit and enjoyment without restriction of any kind, until my son, Arthur Kemp, Jr., shall have reached the age of twenty-five years.

" *Third.* When and at the time my said son, Arthur Kemp, Jr.,

shall have reached the age of twenty-five years, then I direct my executrix hereinafter named to divide my estate into two equal parts and I give, devise, bequeath and grant one such part to my wife, Caroline Kemp and the remaining part I give, devise, bequeath and grant to my son, Arthur Kemp, Jr., to be theirs absolute and forever."

And on the return of said citation John S. Allan was appointed special guardian of said Arthur Kemp, Jr., an infant, and opposed the construction prayed for by said petition.

It is contended on behalf of the petitioner that the language of paragraph " second " gives to the widow, Caroline Kemp, an absolute title to all the property, both real and personal, of which the decedent died seized and possessed, and it is contended on behalf of the infant that such provision gives to the said Caroline Kemp a use until such time as Arthur Kemp, Jr., arrives at the age of twenty-five years, when, as provided in paragraph " third," said property shall be divided into two equal parts, Caroline Kemp taking one-half and Arthur Kemp, Jr., the other one-half.

I am of the opinion that it was the intent of the testator to give to his wife the unrestricted use for her benefit and enjoyment of all of his property, both real and personal, until such time as Arthur Kemp, Jr., arrives at twenty-five years of age, with the right to the said Caroline Kemp, during said period, to use so much thereof as is necessary and proper for her maintenance and support and for the care and support of said infant child. Such use to cease and determine on said Arthur Kemp, Jr., arriving at the age of twenty-five years, at which time any property remaining in said estate was directed to be divided into two equal parts, and one-half thereof devised and bequeathed to Caroline Kemp and the other one-half to Arthur Kemp, Jr.

A decree may enter accordingly.